```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CHEYANNE HOLZWORTH,                 :
as Personal Representative for the  :
Estate of William Andrew Holzworth  :
                                    :
                   Plaintiff,       :
                                    :
     -against-                      :
                                    :
ALFA LAVAL INC., et al.             :
                                    :
                   Defendants.      :
------------------------------------X
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/2016
```

No. 12 Civ. 06088 (JFK)

**OPINION & ORDER**

APPEARANCES

FOR PLAINTIFF CHEYANNE HOLZWORTH
     Derrell Dereck Wilson, Esq.

FOR DEFENDANT BURNHAM LLC
     John C. McGuire, Esq.

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant Burnham LLC's ("Burnham") unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, which seeks summary judgment as to each of Plaintiff's six causes of action alleged in the Amended Complaint. The Court grants the motion.

## I. Background

The parties do not dispute that the decedent, Mr. William Andrew Holzworth ("Mr. Holzworth" or "Decedent"), was diagnosed with mesothelioma on May 28, 2012. Mr. Holzworth served as a sonarman in the U.S. Navy between 1952 and 1955, then worked as a construction manager and project manager at various

1

construction sites between May 1963 and November 2007. (Def.'s Loc. R. 56.1 Statement ¶¶ 14, 18).  He also performed and oversaw construction on his own homes between approximately 1964 and 1982. (See Dep. of William A. Holzworth 73:1-74:6; 76:23-86:24; 87:19-102:15; 104:2-112:11, July 24, 2012; id. 129:23-146:12; 148:14-154:11; 154:19-158:19, July 25, 2012 [hereinafter Holzworth Dep.]).

At his deposition, Mr. Holzworth testified that he encountered one Burnham product while cleaning and rebuilding a fire-damaged house in New Jersey. (See id. 96:4-98:11, July 24, 2012; id. 649:21-24, Aug. 8, 2012).  Mr. Holzworth initially identified the product as a Burnham heater, (see id. 96:10-97:8, July 24, 2012; id. 644:13-647:19, Aug. 8, 2012), but on cross-examination, he clarified that the pump connected to the heater, and not the heater itself, said "Burnham." (See id. 643:17-22, Aug. 8, 2012).  A metal jacket encased the heater with insulation that Mr. Holzworth believed to be asbestos. (See id. 96:20-97:8, July 24, 2012).  "[A]sbestos-wrapped pipes" also connected to the top of the heater, which were wrapped in "white material" he assumed to be asbestos. (See id. 645:19-646:2, Aug. 8, 2012).

Mr. Holzworth personally dismantled the heater and the pump connected to it and dragged them out of the house. (See id. 96:10-97:8, July 24, 2012; id. 644:13-647:19, Aug. 8, 2012).

Mr. Holzworth personally handled the white material from the inside of the metal jacket and the top of the heater. (See id. 648:14-650:11, Aug. 8, 2012). He also swept up the debris from the heater, although he acknowledged it was mixed with the general mess from the fire. (See id. 650:3-11, Aug. 8, 2012).

Removal took between one and three hours. (See id. 646:21-24, Aug. 8, 2012).

## II.  Procedural History

Mr. Holzworth filed the complaint in this action in New York Supreme Court on July 9, 2012. (McGuire Decl. Ex. A.) On August 9, 2012, former Defendant Crane Co. removed this action to this Court pursuant to 28 U.S.C. § 1442(a)(1), which provides for federal jurisdiction in cases involving persons acting under the direction of a federal officer. (ECF No. 1).

On September 7, 2012, pursuant to 28 U.S.C. § 1407, the United States Judicial Panel on Multidistrict Litigation transferred this action to the Eastern District of Pennsylvania for consolidated pretrial proceedings before the Honorable Eduardo C. Robreno. (ECF No. 10). On October 31, 2013, Judge Robreno declared that this action was ready for trial and remanded it to this Court. (ECF No. 13-99).

On December 8, 2012, Mr. Holzworth passed away. His Certification of Death listed the cause of death as lung cancer-mesothelioma. (ECF No. 27-2). On February 4, 2014, the Orange

County, Florida Circuit Court Probate Division declared Mr. Holzworth's daughter, Cheyanne Holzworth ("Ms. Holzworth" or "Plaintiff"), duly qualified under the laws of the State of Florida to act as the personal representative of Mr. Holzworth's estate. (ECF No. 27-3).

Subsequently, on March 7, 2014, Mr. Holzworth's counsel moved to amend the summons and complaint to add causes of action for wrongful death, and to substitute Ms. Holzworth as Plaintiff in her capacity as the personal representative of Mr. Holzworth's estate. (ECF No. 27).  This Court granted the motion on March 11, 2014. (ECF No. 31).  On March 27, 2014, Ms. Holzworth filed the Amended Complaint. (ECF No. 42).

The Amended Complaint makes no specific allegations about Burnham.  In the Amended Complaint, the Plaintiff alleges that the Decedent was exposed to asbestos-containing products during his employment, both as a sonarman serving in the U.S. Navy between 1952 and 1955, and as a construction and project manager between 1963 and 2007. (McGuire Decl. Ex. A ¶¶ 5, 10).  The Plaintiff does not specifically allege that the Decedent was exposed to asbestos-containing products while performing and overseeing construction on his own houses, outside of the scope of his employment.  However, the Plaintiff does allege exposure at "other locations and times." (Id.).  The Amended Complaint lists six causes of action:  failure to warn (Count 1);

4

negligence (Count 2); strict liability (Count 3); wrongful death based on negligence (Count 4); wrongful death based on strict liability (Count 5); and wrongful death based on breach of warranty (Count 6). (See generally McGuire Decl. Ex. A; ECF No. 42).

On March 22, 2016, Defendant Burnham moved for summary judgment. (ECF Nos. 67-72).  Burnham asserts that New Jersey law is applicable and that there is no genuine dispute as to any material fact so that (1) Plaintiff has failed to establish that the heater with its allegedly asbestos-containing insulation was manufactured by Burnham and, in any event, (2) Mr. Holzworth's single exposure of one to three hours was not a substantial factor causing his illness.  Plaintiff does not oppose this motion.

### III.  Discussion

#### A.  Standard of Review

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  For summary judgment purposes, a genuine dispute as to any material fact exists "where the evidence is such that a reasonable jury could decide in the non-movant's favor." Delaney v. Bank of Am. Corp., 766 F.3d 163, 167 (2d Cir. 2014) (quoting Beyer v. Cty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008)).  In

ruling on a motion for summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Curry v. City of Syracuse, 316 F.3d 324, 329 (2d Cir. 2003) (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)).

When the summary judgment motion is not opposed, the motion is not granted automatically. See Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996) (per curiam).  The Court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001). The Court determines whether any material facts are genuinely disputed in the record presented on the motion, then assures itself that the "facts as to which there is no genuine dispute 'show that the moving party is entitled to a judgment as a matter of law.'" Champion, 76 F.3d at 486 (quoting Fed. R. Civ. P. 56(c)).  If the evidence submitted in support of the motion does not meet the movant's burden of production, or if the undisputed facts do not show that the movant is entitled to judgment as a matter of law, then summary judgment must be denied even if no opposing evidence is presented. Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

**B.  Governing Law**

Mr. Holzworth encountered the alleged Burnham heater and pump exclusively in New Jersey.  Burnham contends that New Jersey law should apply instead of New York law (the law of the forum).

A federal court sitting in diversity in New York applies New York choice of law rules. Thea v. Kleinhandler, 807 F.3d 493, 497 (2d Cir. 2015).  New York's choice of law rules direct the court to consider first whether an actual conflict exists between the laws of the applicable jurisdictions.  If so, the court conducts an interests analysis, which applies the law of the jurisdiction with the greatest interest in the litigation. See Curley v. AMR Corp., 153 F.3d 5, 12 (2d Cir. 1998).

Under both New York and New Jersey law, a plaintiff seeking to recover in tort for asbestos exposure on a theory of negligence, strict liability, or failure to warn must prove that exposure to the defendant's product proximately caused his injuries. See Pace v. Air & Liquid Sys. Corp., --- F. Supp. 3d ----, No. 13 Civ. 6227 (KPF), 2016 WL 1169512, at *6 (S.D.N.Y. Mar. 22, 2016); James v. Bessemer Processing Co., 155 N.J. 279, 297 (1998).  New York and New Jersey both require a proximate cause to be "more likely than not . . . a substantial factor" in causing the illness. Johnson v. Celotex Corp., 899 F.2d 1281, 1285-86 (2d Cir. 1990) (citing Derdiarian v. Felix

7

Contracting Corp., 51 N.Y.2d 308, (1980)); accord Sholtis v. Am. Cyanamid Co., 568 A.2d 1196, 1203 (N.J. App. Div. 1989).

In New York, the plaintiff bears the burden of establishing "sufficient exposure to a substance to cause the claimed adverse health effect." Cornell v. 360 W. 51st St. Realty, LLC, 22 N.Y.3d 762, 784 (2014) (citing Parker v. Mobil Oil Corp., 7 N.Y.3d 434, 448-49 (2006)). "At a minimum, . . . there must be evidence from which the factfinder can conclude that the plaintiff was exposed to levels of [an] agent that are known to cause the kind of harm that the plaintiff claims to have suffered." Id. (first alteration in original) (quoting Wright v. Williamette Indus., Inc., 91 F.3d 1105, 1107 (8th Cir. 1996)).

Similarly, New Jersey requires the plaintiff "[t]o support a reasonable inference of substantial causation from circumstantial evidence[ with] evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." See Hughes v. A.W. Chesterton Co., 89 A.3d 179, 189 (App. Div. 2014) (quoting Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1162-63 (4th Cir. 1986)); Sholtis, 568 A.2d at 1207 (adopting the Lohrmann causation standard in New Jersey).

Courts (prior to Parker and Cornell) have disagreed over whether New York's and New Jersey's substantial factor tests actually conflict. Compare In re Joint E. & S. Dist. Asbestos

8

Litig., 798 F. Supp. 925, 930 (E.D.N.Y. 1992) (stating that applying the frequent, regular, and proximate test would narrow the New York standard, and "[n]either New York nor the Second Circuit reviewing New York law has adopted [the frequency, regularity, and proximity] test"), rev'd on other grounds sub nom. Malcolm v. Nat'l Gypsum Co., 995 F.2d 346 (2d Cir. 1993), with Tronlone v. Lac d'Amiante Du Quebec, Ltee, 297 A.D.2d 528, 528 (1st Dep't 2002) (finding "no relevant conflict between the laws of New Jersey and New York as they bear upon" "product identification and exposure in an asbestos case").

This Court need not determine whether an actual conflict exists here because, no matter which test applies, the Plaintiff has failed to meet her burden of establishing that the Decedent was exposed to harmful levels of asbestos from a Burnham product.

### C. The Plaintiff Has Not Raised a Genuine Dispute As to Any Material Fact Concerning Whether Burnham Proximately Caused Mr. Holzworth's Alleged Injuries

Viewing the record in the light most favorable to the Plaintiff, at a maximum, Mr. Holzworth was exposed to a Burnham heater and pump containing asbestos for three hours on one day in a fifty-five year career of exposure. There is nothing in the record that a factfinder can rely on to conclude that this sort of de minimis exposure to Burnham's products rises to a level known to cause the type of harm Mr. Holzworth suffered.

9

See In re N.Y.C. Asbestos Litig., 48 Misc. 3d 460, 486, 491 (N.Y. Sup. Ct. 2015) (granting a defendant's motion to set aside a verdict where the plaintiff's evidence of exposure lacked any quantification). And, by definition, this brief one-time exposure is not exposure on a regular basis over some extended period of time. See Estate of Brust v. ACF Indus., 443 N.J. Super. 103, 126-27 (App. Div. 2015) ("[O]ne-time exposure does not satisfy [the] regularity and frequency test" (citing Chavers v. Gen. Motors Corp., 79 S.W.3d 361, 370 (Ark. 2002))).

Because the Plaintiff has not shown that Mr. Holzworth's exposure to a Burnham product rose to a level to cause the harm he suffered, Burnham is entitled to judgment as a matter of law.

### D. The Plaintiff's Wrongful Death Causes of Action Against Burnham Fail As a Matter of Law

The Plaintiff's wrongful death causes of action also must fail as a matter of law because the Plaintiff failed to produce any evidence that the Decedent was exposed to an asbestos-containing product manufactured by Burnham that proximately caused the Decedent's illness.

The Plaintiff does not specify whether she seeks recovery under New York's or New Jersey's wrongful death statutes. For present purposes, any distinction between these statutes is inconsequential. Both New York's and New Jersey's wrongful death statutes permit recovery for "a wrongful act, neglect or

default which caused the decedent's death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued." N.Y. Estates, Powers, & Trusts Law § 5-4.1(1); accord N.J. Stat. Ann. § 2A:31-1 ("When the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury, the person who would have been liable in damages for the injury if death had not ensued shall be liable in an action for damages . . . .").

The Plaintiff's wrongful death actions arise from the same conduct insufficient to show Burnham's liability under theories of negligence, strict liability, or breach of warranty, and her wrongful death claims are therefore equally insufficient.

### III. Conclusion

Defendant Burnham's unopposed motion for summary judgment is granted. The Court respectfully directs the Clerk to enter judgment in Defendant Burnham's favor in accordance with this order.

A final pretrial conference for the Plaintiff and the remaining defendants is scheduled for Tuesday, November 15, 2016, at 11:15 a.m. in Courtroom 20C, at which time a firm trial date will be set for a time shortly following the conference.

**SO ORDERED.**

Dated:   New York, New York
         October 19, 2016

                                    _____
                                         John F. Keenan
                                    United States District Judge